IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HEMPFIELD AREA SCHOOL DISTRICT,

    Plaintiff,                                  08cv1204

                                         **ELECTRONICALLY FILED**

    v.

INDEPENDENCE EXCAVATING, INC. and
N. JOHN CUNZOLO ASSOCIATES, INC.,

    Defendants.

## Memorandum Opinion

Pending before this Court is the Petition to Stay Arbitration Action by plaintiff/petitioner, Hempfield Area School District (Hempfield) (doc. no. 1-2). The Petition to Stay Arbitration Action was originally filed by petitioner in the Court of Common Pleas of Westmoreland County, Pennsylvania, but was removed to this Court on the basis of diversity of citizenship. The underlying dispute relates to a construction contract wherein Hempfield contracted with defendants, Independence Excavating (Independence) as a general contractor, and N. John Cunzolo Associates (Cunzolo), as the architect, to build athletic fields at the senior high school in Hempfield Township. The contract bid by Independence was approximately $4,605,000. At the completion of the contract, a dispute arose regarding payment of approximately $200,000, which Independence claims was due and owing under the terms of the contract and should have been paid on October 31, 2005. After exchanging correspondence regarding the payment of the contract amount in dispute, notably, on November 14, 2007, Independence, through its counsel submitted a written claim to Cunzolo as the architect for the project, and as the agent for Hempfield. After exchanging several more letters, on January 3, 2008, Independence filed its

Demand for Arbitration seeking $704,253.97, plus interest and other costs which allegedly represents the delay in payment of $200,000 for 794 days, without justifiable explanation. Hempfield claims that the work was performed in an incomplete or defective manner. Most critically to the issue at hand, Hempfield alleges that the contract between Hempfield and Independence contains a clause that allows Hempfield to determine whether the dispute will proceed to arbitration or whether legal proceedings would be initiated in a court of law.

**Terms of the Contract - Agreement to Arbitrate**

The contract at issue was entered into between Hempfield and Independence on August 16, 2004.[1] The Contract consisted of the basic AIA document A101-1997 as well as General Conditions of the Contract for Construction AIA Document A201-1997, and Supplementary Conditions, Document 00800.

Article 4.5.1 of the General Conditions provides that claims are "subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party."

Article 4.5.2 of the General Conditions provides that the request for mediation "may be made concurrently with the filing of the demand for arbitration but, in such event, mediation shall proceed in advance of arbitration or legal or equitable proceedings, which shall be stayed pending mediation for a period of sixty (60) days from the date of filing, unless stayed for a longer period by agreement of the parties or Court Order."

Subparagraph 4.6.1 of the Supplementary Conditions of the Contract states:

---

[1] Hempfield and Cunzolo also are subject to a similar contract with similar language regarding arbitrability of their disputes. The parties have not, however, attached a copy of the contract between Hempfield and Cunzolo. The Court notes that Cunzolo consents to the relief requested by Hempfield.

> Any claim arising out of or related to the Contract, except claims relating to aesthetic effect and except those waived as provided for in Subparagraphs 4.3 10, 9.10.4, and 9.10.5, shall, after decision by the Architect, or thirty (30) days after submission of the claim to the Architect, be at the option of the Owner and in the Owner's sole discretion, be sent to arbitration or in the alternative, instituted by way of legal or equitable proceedings in the appropriate court. The Owner shall, within thirty (30) days of notice of a claim or making a claim, advise the Contractor in writing whether the claims should be referred to arbitration as provided for herein or should be instituted by way of an action in court.

In addition to the language of Subparagraph 4.6.1, Subparagraph 15.7 of the same Supplementary Conditions states:

> Any controversy arising out of or relating to this Contract or a breach thereof shall first be submitted in writing to the Owner. Any party aggrieved by the determination of the Owner shall within thirty (30) days from notice thereof, have the right to submit such controversy to the American Arbitration Association pursuant to the rules then obtaining.

On January 3, 2008, and within thirty (30) days after Hempfield Area School District and N. John Cunzolo Associates denied Independence Excavating's claims, Independence Excavating filed a Demand for Arbitration with the American Arbitration Association (AAA) in conformance with Subparagraph 15.7.

While Subparagraph 4.6.1 states that the Owner (Hempfield) shall have the discretion to determine whether the claim be submitted to arbitration within thirty (30) days after submission of a claim to the architect, notably, Hempfield did not elect to proceed with an action in Court within thirty (30) days. Rather, Hempfield waited approximately until January 11, 2008, approximately fifty six (56) days after submission of the claim to the architect, and two weeks after Independence submitted its claims to arbitration, before advising of its position that it sought to hear this dispute in the Court of Common Pleas of Westmoreland County. (Doc. No. 1-2, Exhibit F).

Nonetheless, the parties agreed to proceed with mediation under the terms of the contract and there was a stay of the arbitration action. On January 31, 2008, counsel for Hempfield again advised the AAA that it was not waiving its right to contest jurisdiction of AAA; however, at that time, it also sought to include Cunzolo in the mediation.

By letters dated February 21, 2008 and March 6, 2008, counsel for Cunzolo also advised AAA of its right to contest jurisdiction of the AAA for purposes of arbitration, in the event that the matter was not resolved during mediation.

On July 23, 2008, counsel for Independence advised AAA of its desire to move forward with the arbitration action while the mediation was pending. This action was filed by Hempfield and removed by Independence on August 28, 2008. The mediation took place on September 11, 2008, and according to Independence, said mediation was unsuccessful.

**Applicable Case Law**

The Federal Arbitration Act ("FAA") "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate." 9 U.S.C. § 1 et seq. John Hancock Mutual Life Ins. Co. v. Olick, 151 F.3d 132, 136 (3d Cir. 1998)(quoting Moses H. Cone Mem'l Hosp. V. Mercury Constr. Corp., 460 U.S. 1983)). The FAA requires that agreements to arbitrate be enforced to the same extent as other contracts. 9 U.S.C. § § 1, 2. The FAA applies broadly to cover any "written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy arising out of such contract or transaction." 9 U.S.C.A. § 2. See also Roadway Package System, Inc. V. Kayser, 257 F.3d 287, 291-292 (3d Cir. 2001).

Nonetheless, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." AT & T Technologies, Inc. v.

Communications Workers of America, 475 U.S. 643, 648 (1986) (quoting United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960)).  Prior to ordering arbitration, the FAA requires the court to make the following determinations: (1) whether the parties entered into a valid arbitration agreement, and (2) whether the specific dispute falls within the scope of that agreement.  John Hancock, 151 F.3d at 137 (stating that "district court need only engage in a limited review to ensure that the dispute is arbitrable").

Moreover, "there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'"  AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 650 (1986)(quoting United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960)).

**Discussion**

Although the Court recognizes that the language of Subparagraphs 4.6.1 and 15.7, when juxtaposed, may create some ambiguity[2] regarding whether disputes these parties must be arbitrated, the Court, recognizing that all doubts should be resolved in favor of arbitrability, finds that the arbitration clause is valid and applicable to this dispute.  See AT & T Technologies, Inc., 475 U.S. at 650.  See also, Sandvik AB v. Advent Int'l Corp., 220 F.3d 99, 106 (3d Cir.2000).[3]

---

[2]Any ambiguities in the contract language must be construed against Hempfield, who was the drafter of the contract.  Jay Tp. Auth. v. Cummins, 773 A.2d 828 (Pa. Cmwlth. 2001).

[3]Furthermore, Hempfield's failure to comply with the terms of the contract at Subparagraph 4.6.1, in failing to select either arbitration or an action in Court in a timely manner, resulted in a breach of the terms of the contract, thus resulting in a waiver of its right to choose between arbitration and a Court action.

Defendant Independence contends that all of the claims in the instant action are subject to arbitration, and that this proceeding must be dismissed pursuant to the FAA. Hempfield (and Cunzolo), however, argue that entering a stay of the arbitration will promote efficiency in litigating this case because at least one potential additional defendant is not bound by an arbitration provision and a contribution/indemnity action will be required in the event Independence succeeds in collecting any sum of money during the arbitration action.[4]

The Court does not agree that judicial efficiency will be promoted by voiding the language of the agreement which reflects a clear intention to submit this dispute to arbitration. Nonetheless, the Court is not inclined to dismiss this case with prejudice, but rather, will stay the case and administratively close it while the parties proceed to arbitration. See Azur v. MBNA Corp., 2007 WL 1656255 (W.D. Pa. 2007), citing Lloyd v. Hovensa, LLC, 369 F.3d 263, 269 (3d Cir. 2004). At the appropriate time following the conclusion of the arbitration process, any party may file a petition to reopen this case. An appropriate order follows.[5]

                                          s/Arthur J. Schwab
                                          Arthur J. Schwab
                                          United States District Judge

cc:    All Registered ECF Counsel and Parties

---

[4]Plaintiffs do not contest the validity of the agreement generally and the Court finds that agreement to be valid and enforceable. Alexander v. Anthony International, L.P., 341 F.3d 256, 264 (3d Cir. 2003).

[5]The parties shall still comply with the Stipulation Selecting ADR Process (doc. no. 12) on or before December 22, 2008.